1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10  KENNETH ARDELL SMITH 1ST,

11          Plaintiff,                    No. 2:12-cv-00619 KJM KJN PS

12      v.

13  DIRECTOR CAPTAIN
   SACRAMENTO, CA SHERIFF
14  DEPARTMENT,

15          Defendant.                    <u>ORDER</u>
   _____/

16

17          Plaintiff, who is proceeding without counsel, filed his complaint on March 12,

18  2012 (Dkt. No. 1).[1]  Presently before the court is plaintiff's application to proceed without

19  prepayment of fees, or in forma pauperis (Dkt. No. 2).  For the reasons stated below, the

20  undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses his

21  complaint without prejudice.  Plaintiff is granted leave to file an amended complaint.

22  I.      <u>Plaintiff's Application to Proceed In Forma Pauperis</u>

23          Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

24  § 1915.  Plaintiff's application and declaration make the showing required by 28 U.S.C.

25  _____

26      [1] This case proceeds before the undersigned pursuant to Eastern District of California Local
   Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                        1

§§ 1915(a)(1) and 1915(2).  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

II.     Screening of Plaintiff's Complaint

      A.     General Screening Standards

      The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

      In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards.  See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

      **(a) Claim for Relief.**  A pleading that states a claim for relief must contain:

        **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

**(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

**(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See, e.g., Lopez, 203 F.3d at 1130-31.

B.     Plaintiff's Complaint

Upon review of plaintiff's one-page complaint, the undersigned dismisses the complaint for failure to comply with the notice pleading standards described above, but grants plaintiff leave to file an amended complaint. Plaintiff's complaint is very difficult to understand, but the undersigned attempts to specifically identify the deficiencies in the complaint below.

Plaintiff appears to be complaining about mistreatment that he suffered at the Sacramento County Jail between the years 1991 and 2011. Plaintiff appears to be trying to allege

1    a constitutional claim or claims pursuant to 42 U.S.C. § 1983, and a claim or claims of common

2    law negligence, against an unidentified Captain of the Sacramento Sheriff's Department.

3    However, plaintiffs' allegations are confusing at best.  For example, plaintiff has not identified an

4    individual defendant.  Instead, plaintiff only named the "Director Captain" of the Sacramento

5    Sheriff's Department as a defendant.  Additionally, although there are several general allegations

6    of negligence by unnamed employees of the Sacramento Sheriff's Department, the actual

7    negligent acts are not alleged with any specificity.  Plaintiff also vaguely alludes to "Discriptions

8    [*sic*] of sexual assault by departmental employee staff," but the complaint is unclear in regards to

9    the nature of any such alleged assault and whether plaintiff was even the victim of the alleged

10   assault.  Similarly, plaintiff alleges that the Sheriff's employees "gang up on [him] with

11   negligence," and that this "bothers [plaintiff's] mind."  But plaintiff's allegation is this regard is

12   not further explained in the complaint.

13                Turning to the substance of plaintiff's claims, plaintiff's claim alleged pursuant to

14   42 U.S.C. § 1983 fails to state a claim on which relief can be granted.  Generally, with respect to

15   individual defendants, "Section 1983 imposes civil liability upon an individual who under color

16   of state law subjects or causes, any citizen of the United States to the deprivation of any rights,

17   privileges or immunities secured by the Constitution and laws."  Franklin v. Fox, 312 F.3d 423,

18   444 (9th Cir. 2002) (citing 42 U.S.C. § 1983).  "To state a claim under § 1983, a plaintiff must

19   allege two essential elements: (1) that a right secured by the Constitution or laws of the United

20   States was violated, and (2) that the alleged violation was committed by a person acting under the

21   color of State law."  Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v.

22   Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624

23   (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1)

24   the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the

25   Constitution or federal statutes" (citation omitted).).  Here, plaintiff's complaint does not identify

26   any right secured by the United States Constitution or the laws of the United States of which he

4

1  was allegedly deprived.  Accordingly, plaintiff failed to allege an essential element of a Section

2  1983 claim.

3          Additionally, plaintiff has not identified any specific individual who allegedly

4  violated his rights.  In order for a plaintiff to state cognizable claims against individuals under

5  Section 1983, a plaintiff must allege how each individual defendant was personally involved in

6  the deprivation of his civil rights.  See, e.g., James v. Rowlands, 606 F.3d 646, 653 n.3 (9th Cir.

7  2010) ("Of course, § 1983 imposes liability on a defendant only if he or she personally

8  participated in or directed a violation."); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002)

9  ("In order for a person acting under color of state law to be liable under section 1983 there must

10  be a showing of personal participation in the alleged rights deprivation . . . ."); Barren v.

11  Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply

12  conclusions, that show that an individual was personally involved in the deprivation of his civil

13  rights.  Liability under § 1983 must be based on the personal involvement of the defendant.").

14  Plaintiff's failure to identify who was involved in violating his rights further supports dismissal

15  of plaintiff's claims.

16          To the extent that plaintiff is attempting to hold the Sacramento Sheriff's

17  Department responsible for the acts of its employees under Section 1983, plaintiff's complaint is

18  wholly deficient.  As an initial matter, plaintiff has not named an entity in regards to such a

19  claim; plaintiff only sued an unidentified individual called "Director Captain."  In any event, if

20  plaintiff desires to allege a claim of municipal liability, plaintiff must plead sufficient facts, and

21  has not yet pled such facts, to support a claim under the following standards applicable to a

22  municipal Section 1983 claim.

23          A municipality may be held liable for civil rights violations under Section 1983,

24  but the standards governing the liability of a municipality materially differ from those that govern

25  the liability of individuals who acted under color of state law.  In Monell v. Department of Social

26  Services, 436 U.S. 658, the Supreme Court limited municipal liability and held that "a

5

1   municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a

2   municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 691.

3   Instead, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary,

4   declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional

5   implements or executes a policy statement, ordinance, regulation, or decision officially adopted

6   and promulgated by that body's officers." Id. at 690 (footnote omitted).  The Court further stated

7   that "it is when execution of a [local] government's policy or custom, whether made by its

8   lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

9   the injury that the government as an entity is responsible under § 1983." Id. at 693; see also Bd.

10  of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403 (1997) ("[W]e have

11  required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a

12  municipal 'policy' or 'custom' that caused the plaintiff's injury.").

13          The Ninth Circuit Court of Appeals has held that in order to establish municipal

14  liability, "the plaintiff must establish: (1) that he [or she] possessed a constitutional right of

15  which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy

16  amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy

17  was the moving force behind the constitutional violation." Miranda v. City of Cornelius, 429

18  F.3d 858, 868 (9th Cir. 2005) (citation and quotation marks omitted, modification in original);

19  see also Levine v. City of Alameda, 525 U.S. 903, 907 (9th Cir. 2008) ("To establish [municipal]

20  liability, a plaintiff must establish that he was deprived of a constitutional right and that the city

21  had a policy, practice, or custom which amounted to 'deliberate indifference' to the constitutional

22  right and was the 'moving force' behind the constitutional violation.") (citing Van Ort v. Estate

23  of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996), cert. denied, 519 U.S. 1111 (1997)).  With

24  respect to the last element, "[t]here must be a direct causal link between a municipal policy or

25  custom and the alleged constitutional deprivation." Villegas v. Gilroy Garlic Festival Ass'n, 541

26  F.3d 950, 957 (9th Cir. 2008) (en banc) (citation and quotation marks omitted).  Furthermore, the

6

1   Court of Appeals has recognized that in addition to showing that a constitutional violation

2   resulted from an express municipal policy or custom, "[a] plaintiff may also establish municipal

3   liability by demonstrating that (1) the constitutional tort was the result of a longstanding practice

4   or custom which constitutes the standard operating procedure of the local government entity;

5   (2) the tortfeasor was an official whose acts fairly represent official policy such that the

6   challenged action constituted official policy; or (3) an official with final policy-making authority

7   delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d

8   962, 966 (9th Cir. 2008) (citation and quotation marks omitted).

9           Plaintiff's complaint does not allege facts that meet the standards applicable to a

10  municipal liability claim under 42 U.S.C. § 1983.  Accordingly, even if plaintiff had named an

11  appropriate defendant, he has not pled an adequate municipal liability claim.

12          As to plaintiff's negligence claim or claims, plaintiff's complaint fails to state a

13  claim.  Generally, "[t]o prevail on [a] negligence claim, plaintiffs must show that [the defendant]

14  owed them a legal duty, that it breached the duty, and that the breach was a proximate or legal

15  cause of their injuries." Merrill v. Navegar, Inc., 26 Cal. 4th 465, 477, 28 P.3d 116, 123 (2001).

16  Here, plaintiff has not identified who the alleged negligent actors were, and has not alleged facts

17  upon which a negligence claim could proceed.  Accordingly, plaintiff's negligence claim is

18  dismissed for failure to state a claim.

19          Based on the foregoing, the undersigned dismisses plaintiff's complaint.

20  However, as stated above, plaintiff is granted leave to file an amended complaint that complies

21  with Rule 8 and the pleading standards stated above.  Plaintiff is informed that the court cannot

22  refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local

23  Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general

24  rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55,

25  57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated

26  thereafter as non-existent.").  Accordingly, once a plaintiff files an amended complaint, the

original complaint no longer serves any function in the case.  Defendants not named in an amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint."  N.Y. City Employees' Retirement Sys. v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

III.    CONCLUSION

        For the reasons stated above, IT IS HEREBY ORDERED that:

        1.      Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

        2.      Plaintiff's complaint is dismissed with leave to amend.

        3.      Plaintiff is granted 30 days from the entry of this order to file an amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

        IT IS SO ORDERED.

DATED:  April 10, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE