1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH ARDELL SMITH 1ST,

11          Plaintiff,                    No. 2:12-cv-00619 KJM KJN PS

12          v.

13   DIRECTOR CAPTAIN
     SACRAMENTO, CA SHERIFF
14   DEPARTMENT,

15          Defendant.                    ORDER TO SHOW CAUSE
                                    /
16

17          Plaintiff, who is proceeding without counsel, filed his complaint on March 12,

18   2012 (Dkt. No. 1).[1]  On April 11, 2012, the undersigned granted plaintiff's application to proceed

19   in forma pauperis and screened plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2).

20   (Order, Apr. 11, 2012, Dkt. No. 3.)  The undersigned dismissed plaintiff complaint without

21   prejudice and granted plaintiff 30 days to file a first amended complaint.  A review of the court's

22   docket reveals that plaintiff failed to file an amended complaint.

23          Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to

24   comply with these Rules or with any order of the Court may be grounds for imposition by the

25   _____

26          [1] This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                    1

1  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

2  Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is
> bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
> and all other applicable law.  All obligations placed on "counsel" by these
> Rules apply to individuals appearing in propria persona.  Failure to comply
> therewith may be ground for dismissal . . . or any other sanction
> appropriate under these Rules.

7  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

8  same rules of procedure that govern other litigants.").  Case law is in accord that a district court

9  may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice

10  pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or

11  her case or fails to comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32,

12  44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to

13  prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir.

14  2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil

15  Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil

16  procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

17  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

18  failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v.

19  Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that

20  district courts have inherent power to control their dockets and may impose sanctions including

21  dismissal), cert. denied, 479 U.S. 829 (1986).

22  Based on the foregoing, IT IS HEREBY ORDERED that:

23  1.  Plaintiff shall show cause in writing, no later than June 14, 2012, why this

24  case should not be dismissed for plaintiff's failure to prosecute the action and failure to follow

25  the court's orders.

26  ////

2.     On or before June 14, 2012, plaintiff shall file a first amended complaint that addresses the issues raised in the court's screening order entered on April 11, 2012.

3.     Plaintiff's failure to file the required writing or the first amended complaint shall constitute an additional ground for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

DATED:  May 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3